UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WENDELL FUQUA,

                              Petitioner,

                                              Case No. 22-CV-6490-FPG

v.

AMY TITUS, Superintendent,                            DECISION AND ORDER

                              Respondent.

## INTRODUCTION

Wendell Fuqua ("Petitioner") brings this *pro se* habeas petition under 18 U.S.C. § 2254 challenging his state court convictions for third-degree criminal sale of a controlled substance and third-degree criminal possession of a controlled substance. ECF No. 1. Respondent has moved to dismiss the petition under Federal Rule of Civil Procedure 12(b) on the grounds that it is untimely, and that Petitioner cannot adequately show that he is entitled to any statutory or equitable relief from this procedural bar. *See generally* ECF No. 6.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) gives a state prisoner one year to file a federal habeas petition, starting from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final "after the denial of certiorari [by the United States Supreme Court] or the expiration of time for seeking certiorari." *Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001). Due to a COVID-era miscellaneous order of the Supreme Court, Petitioner had one hundred fifty days to seek a writ of certiorari. *See* Order at 1, 589 U.S. ——— (Mar. 19, 2020).

Here, Petitioner timely appealed his conviction to the Appellate Division, Fourth Department which affirmed the judgment on June 12, 2020. *People v. Fuqua*, 184 A.D.3d 1093 (4th Dept. 2020). The Court of Appeals denied leave to appeal on August 24, 2020, and the one hundred fifty days to seek a writ of certiorari from the Supreme Court expired without Petitioner seeking to avail himself of that avenue of relief. His judgment of conviction, therefore, became final on January 21, 2021, and the one-year limitations period began to run from that date. His deadline to file a federal habeas petition was January 21, 2022. Since Petitioner filed his petition on October 31, 2022, his petition is untimely by more than nine months.

Petitioner may overcome this procedural barrier to habeas review of his state court conviction if he can show either that he is entitled to either statutory or equitable tolling of the statute of limitations, or if he shows that he is actually innocent. Respondent argues that Petitioner cannot make a showing that he is entitled to any avenue of relief from the statute of limitations.

### 1. Statutory Tolling

The statutory limitations period is tolled during the pendency of a "properly filed application for State post-conviction of other collateral review" proceeding. 28 U.S.C. § 2244(d)(2). "[A] state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

Here, Petitioner filed a post-conviction motion under C.P.L. § 440.10 on May 12, 2019. Petitioner sought leave to appeal denial of that motion pursuant to C.P.L. § 460.15, but the Appellate Division, Fourth Department, denied leave to appeal on October 8, 2020. At that point, Petitioner "had reached the end of the road within the state system." *Cosey v. Lilley*, 460 F. Supp. 3d 346, 370 (S.D.N.Y. 2020), *aff'd*, 62 F.4th 74 (2d Cir. 2023). Any applicable tolling would have

happened prior to October 8, 2020. Since Petitioner's conviction did not become final until January 21, 2021, the statutory tolling period does not afford him any benefit.

### 2. Equitable Tolling

The statutory limitations period is also subject to equitable tolling in appropriate cases where a petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The circumstances must be beyond petitioner's control, *Baldayaque v. United States*, 338 F.3d 145, 151 (2d Cir. 2003), and extraordinary "refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). Petitioner bears the burden of demonstrating the extraordinary circumstances that entitle him to equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (A "litigant seeking equitable tolling bears the burden of establishing [the] two elements.").

Here, Petitioner fails to meet his burden as he does not assert any circumstances at all that impeded his ability to comply with the statutory deadline. Petitioner's brief merely contains conclusory claims of entitlement to equitable tolling. "Claims of extraordinary circumstances must be supported with evidence and not merely with conclusory allegations." *Green v. Capri*, No. 9:17-CV-0392, 2018 WL 2452623, at *4 (N.D.N.Y. May 31, 2018). Accordingly, Petitioner has not shown that he is entitled to equitable tolling.

### 3. Actual Innocence

"A credible showing of actual innocence may allow a prisoner to pursue his" habeas petition notwithstanding the procedural bar imposed by the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). A claim of actual innocence must be both credible and

compelling. *House v. Bell*, 547 U.S. 518, 521, 538 (2006)). Finally, "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner does not marshal any evidence to prove that he is actually innocent. In fact, his habeas brief does not even claim his actual innocence, he merely recites the rule of law that permits petitioners to overcome procedural barriers to filing habeas petitions by a showing of actual innocence. *See* ECF No. 1 at 18-21. Nevertheless, the Court will interpret Petitioner's brief as re-alleging the arguments he raised on appeal to claim his actual innocence. On appeal to the Appellate Division, Fourth Department, Petitioner made the following arguments: (1) the drug sale was initially targeted at a suspect named "Dutch," and that the confidential informant initially approached the wrong vehicle, leading petitioner to speculate that she may have brought the drugs to the drug deal or that she obtained them from the vehicle she initially approached, ECF No. 6-3 at 183-84; (2) the People did not prove he owned the phone that was found in his car  used in connection with the drug sales; (3) he was not found in possession of any drugs, the drugs were never photographed, and "the drugs never surfaced again in this case"; (4) the People recovered $280 dollars in buy money, despite only giving the confidential informant $250, and that "two fifties" does not add up to $250, ECF No. 6-3 at 184; and (5) the confidential informant lacked credibility and had a motive to fabricate. ECF No. 6-3 at 182-84.

These arguments are neither compelling nor do they suggest Petitioner's factual innocence. Petitioner does not offer any new evidence that compels the conclusion that "more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Rather these arguments merely raise doubts about the legal sufficiency of the prosecution's case against Petitioner. A legal insufficiency argument is an

4

argument properly reserved for the habeas petition itself and not as a means for circumventing the procedural bar. *Bousley*, 523 U.S. at 623 ("Actual innocence means factual innocence, not mere legal insufficiency.").

Petitioner also raises a *Brady* claim and a separate legal insufficiency claim. Neither argument rises to the level of demonstrating actual innocence. First Petitioner's *Brady* claim simply alleges that he was not made aware of certain impeachment material relating to the prosecution's chief witness against him. ECF No. 6-3 at 408-09, 504-05. This is a witness credibility argument that was resolved by the jury and does not in the least suggest his actual innocence. The jury was already aware that this witness was a drug addict and repeat offender, *see* ECF No. 6-2 at 23, and yet the jury still convicted Petitioner because the witness testimony was corroborated by video surveillance and phone records. Accordingly, Petitioner has failed to show how any additional impeachment evidence "aimed at a witness whose character was already tarred," would have been sufficient to change the result. *Barton v. Stange*, 959 F.3d 867, 873 (8th Cir. 2020). *See also, Mastin v. Senkowski*, 297 F. Supp. 2d 558, 595-96 n.17 (W.D.N.Y. 2003) (Denying actual innocence claim where witness had already been impeached with his extensive criminal history, such that "new [impeachment] evidence certainly would not have transformed him from model citizen to miscreant.").

For the same reason his actual innocence claim fails, Petitioner legal insufficiency argument is insufficient to overcome the procedural barrier to habeas relief. *Bousley*, 523 U.S. at 623.

## CONCLUSION

Because Petitioner filed his habeas petition outside of the statute of limitations period and he has failed to show that he is actually innocent or that he is entitled to statutory or equitable

tolling, Respondent's motion to dismiss, ECF No. 6, is GRANTED, and the habeas petition, ECF

No. 1, is DISMISSED. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 17, 2023
      Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York